UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| REGINALD DARNELL PORTER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NATIONSTAR MORTGAGE, LLC, *et al.*, )<br>)<br>Defendants. ) | Cause No. 2:24-CV-044-PPS-JEM |

## **OPINION AND ORDER**

On February 16, 2024, I screened Plaintiff Reginald Darnell Porter's *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and dismissed the claims without prejudice. [DE 4; *see* DE 1.] I took judicial notice of a foreclosure proceeding pending in Lake County Superior Court (Cause No. 45D01-2308-MF-000440). I noted that the core of Porter's complaint appeared to be his disagreement with the state court's judgment and order of foreclosure in that case. [DE 4 at 8–9, 12.] I advised Porter that to the extent his complaint sought my review of the state court's judgment, it must be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine. *Id.* Because Porter's initial pleading did not explicitly seek the review of the state court judgment, and instead asserted claims against various parties involved in the proceedings that led to Porter losing his home, I initially declined to dismiss his case on jurisdictional grounds and instead screened the complaint for failure to state a claim. *Id.* at 9–12.

Porter was ordered to file an amended complaint on or before March 18, 2024. On February 26, a copy of the state court record was filed on the docket. [DE 5.] Porter

did not file a notice of removal, but the state court record reflects that he filed a notice seeking the removal of that action to federal court and on February 20 the case was "transfer[red]" to federal court. *Id.* at 8. Defendant Nationstar Mortgage, LLC subsequently made an appearance in this case and moved to remand the action back to state court. [DE 7.] On March 13, Porter filed his amended complaint. [DE 8.]

Because Porter is trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a plaintiff to provide a short and plain statement that plausibly demonstrates he is entitled to relief from the defendants. Porter's amended complaint and state court filings seeking removal of the foreclosure action to federal court make clear that my initial suspicion is correct: he seeks to relitigate the underlying state court judgment. He asserts that Aaron Cole and Gregory Stout, two attorneys "acting on behalf of the law firm Reisenfeld & Associates LLC" filed "fraudulent court papers" in the foreclosure action, and that they are acting

on Nationstar's behalf to "commit mortgage fraud." [DE 8 at 2.] He also names as a defendant "Mr. Cooper," who was not named as a defendant in his initial pleading and appears to be somebody who works for Nationstar. *Id.* at 1. Porter does not allege that "Mr. Cooper" did anything to him – the complaint does not mention him at all. The balance of his factual allegations reflect the suspicion that something went amiss in the course of the foreclosure proceedings. *See id.* at 2–3. Porter fails to state a plausible claim for relief as against Cole, Stout, the law firm, and Nationstar based on conclusory allegations that the attorneys are "filing fraudulent court papers" and Nationstar "commit[ted] mortgage fraud by material misstatements, misrepresentation, or omission." *Id.* The facts set forth in his complaint fall far short of painting a plausible picture of who did what to allegedly defraud him, leading to a foreclosure on his home.

Even if Porter did state a plausible claim for relief based on facts, rather than conclusory statements and legal buzzwords, I do not have jurisdiction to entertain his suit. As I previously explained [DE 4 at 8–9], a pair of Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), yield what is called the *Rooker-Feldman* doctrine. Under *Rooker-Feldman*, "the Supreme Court of the United States is the only federal court that may review judgments entered by state courts in civil litigation." *Richardson v. Koch Law Firm, P.C.*, 768 F.3d 732, 733 (7th Cir. 2014). The doctrine prohibits a federal court from overturning a state court's judgment, and applies when the state court judgment "is the source of the injury of which plaintiffs complain." *Id*. "The *Rooker-Feldman* doctrine

3

divests all federal courts except the Supreme Court of subject-matter jurisdiction to adjudicate suits by plaintiffs who effectively seek review of an adverse state-court judgment." *Abatangelo v. Wells Fargo Bank, N.A.*, 719 Fed. App'x 520, 522 (7th Cir. 2017) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015)). The circuit has explained that the "vital question" in applying *Rooker-Feldman* concerns "whether the federal plaintiff seeks the alteration of a state court's judgment." *Milchtein v. Chisholm*, 880 F.3d 895, 898 (7th Cir. 2018).

Nationstar notes that the state court issued judgment on February 8, prior to Porter's attempted removal of the action to federal court. [DE 7 at 5.] While Porter attempts to style his claims as "mortgage fraud," it is plain as day that the events giving rise to his complaint spring from the state court proceedings and resulting judgment that resulted in his home being put up for foreclosure. Porter has not provided sufficient factual content to make out a claim for relief against the named defendants; at best he shows that they were involved in the foreclosure proceedings. And to the extent the claims at issue in the state court case were removed after the court entered judgment, I lack jurisdiction to review the state court's resolution of those claims or amend its judgment. *See Richardson*, 768 F.3d at 733.

In sum, the attempted removal of the claims in the state court case was improper, as I lack jurisdiction to review those claims. The state court action will therefore be remanded back to Lake County Superior Court (Cause No. 45D01-2308-MF-000440). Porter's federal complaint fails to state an independent claim for relief that is plausible

4

on its face, and there is no basis to infer that he would be able to remedy these failings if granted another chance to amend his pleading. Therefore, his amended complaint will be dismissed with prejudice.

**ACCORDINGLY:**

Defendant Nationstar Mortgage, LLC's Motion to Remand [DE 7] is **GRANTED**, and the state court case (Cause No. 45D01-2308-MF-000440) is hereby **REMANDED** to Lake County Superior Court.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff Reginald Darnell Porter's amended complaint [DE 8] is **DISMISSED WITH PREJUDICE**, for failure to state a claim on which relief may be granted. The Clerk is **DIRECTED** to close the case.

**SO ORDERED**.

ENTERED: March 20, 2024.

                                           /s/ Philip P. Simon
                                           PHILIP P. SIMON, JUDGE
                                           UNITED STATES DISTRICT COURT